[Cite as *Boswell v. Ohio Univ.*, 2010-Ohio-5460.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIELLE BOSWELL

    Plaintiff

    v.

OHIO UNIVERSITY

    Defendant

Case No. 2010-04131-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} 1) At sometime during October 2009, Danielle Boswell parked her 2002 Toyota Highlander in a parking garage owned and operated by defendant, Ohio University. Plaintiff related she "noticed something dripping on (the right) rear door of (the) vehicle, it continued for several weeks and started to ruin paint in several spots." Plaintiff asserted her truck was damaged as a proximate cause of negligence on the part of defendant in maintaining a hazardous condition on university premises and she has consequently filed this complaint seeking to recover damages in the amount of $784.47, the total cost of automotive repair needed resulting from the described incidents. In her complaint, plaintiff provided evidence that she maintains insurance coverage for automotive damage with a $100.00 deductible provision. The filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} 2) Defendant filed an investigation report stating "Ohio University does not contest this claim." Defendant pointed out plaintiff carries insurance coverage for

automotive damage with a $100.00 deductible.

CONCLUSIONS OF LAW

**{¶ 3}** 1)   Sufficient proof has been offered to establish the damage to the vehicle was proximately caused by negligence on the part of defendant. *Lee v. University of Akron* (1998), 97-12441-AD; *Warren v. University of Akron* (1999), 99-01683-AD; *Miller v. University of Akron* (2001), 2001-04140-AD; *Swigart v. Ohio Univ.*, Ct. of Cl. No. 2009-01581-AD, 2009-Ohio-2771.

**{¶ 4}** 2)   R.C. 2743.02(D) provides:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provision of division (B)(2) of that section apply under those circumstances."

Also, R.C. 3345.40(B)(2) states in pertinent part:

"If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against the state university or college recovered by plaintiff."

**{¶ 5}** 3)   Defendant is liable to plaintiff for her insurance coverage deductible, $100.00, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19.   See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

DANIELLE BOSWELL

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2010-04131-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $125.00, which includes the filing fee. Court costs are assessed against defendant.

                    DANIEL R. BORCHERT
                    Deputy Clerk

Entry cc:

Danielle Boswell           George T. Wendt
478 State Route 734 N.W.     Ohio University
Washington C.H., Ohio  43160   160 Union Street
                      HDL Center 166H
                      Athens, Ohio  45701

RDK/laa
6/18
Filed 7/20/10
Sent to S.C. reporter 11/5/10